# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

RANDY LEE SODERSTROM                                          PLAINTIFF

V.                                                    NO. 2:10CV108-P-S

CORRECTIONAL CORPORATION
OF AMERICA, et al.                                          DEFENDANTS

## <u>OPINION DENYING MOTION FOR TRO</u>

This matter is before the court, *sua sponte*, for consideration on Plaintiff's motion for a temporary restraining order.

### Factual and Procedural Background

On June 16, 2010, the Plaintiff, an inmate currently housed at the Tallahatchie County Correctional Facility filed a 1983 *pro se* complaint challenging the conditions of his incarceration. In his complaint, Plaintiff's primary concern involves the denial of kosher meals. Specifically, the Plaintiff has meticulously detailed nearly every detail of his meals from April 22, 2010 to May 16, 2010. For a period of approximately two or three days, the Plaintiff either was not served kosher meals or refused to eat meals which were not kosher. As a result of the food deprivation, the Plaintiff alleges that he began to vomit blood, he passed out and hit his head on the sink which caused an abrasion. The Plaintiff claims he asked for medical attention but received none. Despite the Plaintiff's well documented aggravation with the quality, preparation and handling of the food, he admits that as of May 11th he received his first legitimate kosher meal and May 13th all three meals where kosher.

### Preliminary Injunction

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable

injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

As to the first element, a substantial likelihood of success on the merits, the Plaintiff recounts each Kosher meal he has been denied as proof that he will succeed. Despite the fact that the Plaintiff has pled facts sufficient to state a claim based on the denial of Kosher meals, he is far from demonstrating an entitlement to relief or that he is likely to succeed. *See Baranowski v. Hart*, 486 F.3d 112, 121 (5th Cir. 2007) (holding that prison officials failure to provide kosher meals did not violate inmate's free exercise rights); *Scott v. Miss. Dep't of Corr.*, 961 F.2d 77, 82 (5th Cir. 1992) (the loss of plaintiff's absolute freedom of religious expression is but one sacrifice required by incarceration); *Kahey v. Jones*, 836 F.2d 948 (5th Cir. 1988) (prisons need not respond to particularized religious dietary requests in order to comply with the First Amendment).

The failure to prove any one element necessary for an injunction to issue is fatal to the motion. *See Lake Charles Diesel, Inc., v. Gen. Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003). It is, therefore, not necessary for the court to address the remaining elements. Additionally, the Plaintiff's detailed accounting of each meal demonstrates the Defendants' willingness or attempts to rectify the problem. The Plaintiff's motion for a preliminary injunction is, therefore, denied.

A separate order in accordance with this opinion will be entered.

THIS the 20th day of July, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE