# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**RANDY LEE SODERSTROM**                                                    **PLAINTIFF**

**v.**                                                                    **No. 2:10CV108-P-S**

**CORRECTIONS CORPORATION OF AMERICA, ET AL.**                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

On October 6, 2010, plaintiff Randy Lee Soderstrom, an inmate in the custody of the Tallahatchie County Correctional Facility with inmate number V-60357, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

The plaintiff, who is Jewish, claims that the defendants violated his First Amendment right to the free exercise of religion by failing to provide him with kosher meals. He also claims that the defendants failed to provide him with adequate medical care when he passed out in his cell and struck his head on the porcelain sink. Finally, he claims that the defendants violated his right of access to the courts by denying him access to the law library for twenty days.

### Defendants and Claims Voluntarily Dismissed

The plaintiff stated during the *Spears* hearing that he wished to voluntarily dismiss the following defendants: Little, P. Smith, Looney, Willis, and Rucker. These defendants will be dismissed with prejudice. In addition, the plaintiff informed the court at the *Spears* hearing that

---

[1] 28 U.S.C. § 1915(g).

he wished to voluntarily dismiss his claim regarding denial of access to the court. That claim will also be dismissed with prejudice.

## *Respondeat Superior*

The plaintiff's claims against defendants L. Mayberry and B. Collins should be dismissed as well, as neither of these defendants had any personal involvement with the plaintiff. Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action pursuant to § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff does not allege that defendants Mayberry or Collins had any personal involvement or were causally connected to the alleged incident in any way. As such, the undersigned respectfully recommends that the plaintiff's claims as to defendants L. Mayberry and B. Collins be dismissed for failure to state a constitutional question.

Also, the defendants "John and Jane Does 1-100" should also be dismissed. The plaintiff did not have individuals in mind for these defendants; he simply wished to ensure that he could add defendants, if necessary, as he learns more about his case. Within the bounds of the Federal Rules of Civil Procedure (and the scheduling order to be entered in this case), the plaintiff may add defendants at a later time should the need arise.

Process will issue as to the remaining defendants: Corrections Corporation of America, Warden B. Phillips, Associate Warden C. Burns, Associate Warden Wardlow, Associate Warden Kano, Chaplain J. Watson, Religious Services Coordinator Figgs, Dietician H. Meyer, Unit Manager Crawford, Case Manager Lucas, Canteen Services of America, Food Service Director Anderson, and Food Service Manager Sinnott.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 24th day of January, 2010.

/s/ David A. Sanders  
DAVID A. SANDERS  
UNITED STATES MAGISTRATE JUDGE